UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACY CORNETT, GARY LEWIS, SANDRA ALLEN, KATHLEEN DOUGHERTY, C. CARROL, LARRY CRITTENDON, ROJO, JONES, SEBLACK, SABINE, BROWN, BRANDON WILLIAMS, GLEASON, HERNANDEZ, GABLE NOLAN, BOROLOV, FICKLE, ANGLING, MILLER, THOMAS, SMITH, JAMES EARLY, GROCHIK, ARNETT, CLEMMONS, DRAIN, QUINTON DAVIS, YORK, and EVA ORRIS,<br><br>    Defendants. | CAUSE NO. 3:23-CV-257-JD-SJF |

OPINION AND ORDER

James Garcia, a prisoner without a lawyer, filed a second amended complaint alleging his cell was made too cold and then too hot in retaliation for his having filed complaints about staff at the Westville Control Unit. ECF 22. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Garcia alleges that, during the first week of November in 2022, he told the warden that Captain Gary Lewis and Unit Team Manager Tracy Cornett were not addressing maintenance problems in the Westville Control Unit. ECF 22 at ¶ 8. Garcia alleges they were visibly angry. *Id*. He alleges they retaliated against him days later by setting the air conditioner to make it extremely cold in his cell. *Id*. at ¶¶ 2 and 9. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted). These allegations state a retaliation claim against Captain Gary Lewis and Unit Team Manager Tracy Cornett.

Garcia alleges he complained about his cold cell to the Ombudsman Bureau. ECF 22 at ¶ 13. On December 9, 2022, after a month in the cold cell, the air conditioning was turned off and the heat was turned on. *Id*. at ¶¶ 17. Garcia alleges his cell quickly became oppressively hot. *Id*. at ¶ 18. He alleges only Captain Gary Lewis and Unit Team Manager Tracy Cornett were able to control the temperature. *Id*. at ¶¶ 20 and 28. He alleges they left him in the extremely hot cell until December 13, 2022, in retaliation for his complaint to the warden and the Ombudsman Bureau. *Id*. ¶¶ 2, 23, 35, and 46.

These allegations state a retaliation claim against Captain Gary Lewis and Unit Team Manager Tracy Cornett.

Garcia alleges Nurse Eva Orris denied him constitutionally adequate medical treatment on December 9, 10, and 11, 2022. ECF 22 at ¶¶ 5 and 25. Garcia alleges he told her that his cell was very hot, that he had a heart condition, and was having trouble breathing, was very tired, had clammy skin, and chest pains. He alleges she refused to provide him any treatment and told him "you'll live" and "you'll get over it." *Id.* at ¶ 25. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). These allegations state a claim against Nurse Eva Orris.

Garcia alleges Nurse Sandra Allen denied him constitutionally adequate medical treatment on December 12, 2022, by refusing to provide him with bags of ice every four hours. ECF 22 at ¶¶ 4, 31, and 34. Garcia alleges that just before midnight the day before, Nurse Jackson prescribed him a small bag of ice every four hours and had an industrial fan put in front of his cell. *Id.* at ¶¶ 26 and 29. Nurse Allen refused to continue providing him ice and said, "It's not that damn hot! You could deal with it like everybody else. I'm not about to be coming up here every four hours just to cater to you." *Id.* at ¶ 34. These allegations state a claim against Nurse Sandra Allen.

In addition to the four defendants against whom Garcia states a claim, he also names twenty-five other defendants. He alleges they were deliberately indifferent to his placement in an excessively cold and then excessively hot cell. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up). This complaint does not provide facts from which it can be plausibly inferred that any of the defendants were deliberately indifferent to his placement in a cold or hot cell.

Garcia says he was provided extra blankets when it was cold. ECF 22-1 at 5. He explains guards checked on him every thirty minutes. ECF 22 at ¶¶ 10, 20, 24, and 33. He notes they reported the temperature issues to their supervisors. *Id.* at ¶¶ 10, 11, 20, and 33. He was taken to the nurse's station when he reported severe chest pains and given ice packs when prescribed by a nurse. *Id.* at ¶ 26. An industrial fan was placed in front of his cell when prescribed by a nurse. *Id.* at ¶ 29. Though it was later removed, that was only after another nurse discontinued the prescription for ice every four hours. Non-medical staff rely on medical experts and are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Garcia alleges Lt. Rojo knew the temperature in his cell was at least 98°F on December 12, 2024. ECF 22 at ¶ 36. However, that is not a basis for inferring deliberate

4

indifference given that Garcia had been cleared by a nurse to be in that cell, was monitored by guards every thirty minutes, and he was able to mitigate the heat by removing clothing, drinking cold water, applying cold water compresses, and laying on the floor. *Id*. at ¶ 22, 33, and 34.

Garcia sues Nurse Ms. York, but the complaint makes no mention of his reporting any medical symptoms to her during the two nights he says she worked his unit. ECF 22 at ¶ 31. The mere allegation that she knew he was in a very hot cell is insufficient to plausibly allege that she acted outside the scope of "accepted professional judgment, practice, or standards." *Jackson*, 541 F.3d at 697.

Garcia alleges Captain Gary Lewis, Sgt. Sabine, and Officer Quinton Davis refused to move him to another cell on December 13, 2022, even though other inmates on his unit were moved. ECF 22 at ¶¶ 6, 45, 46, and 47. This allegation is part of Garcia's retaliation claim against Captain Gary Lewis, but by this time, the heat had already been turned off and the cells in his unit were cooling down.

For these reasons, the court:

(1) GRANTS James Garcia leave to proceed against Captain Gary Lewis and Unit Team Manager Tracy Cornett in their individual capacities for compensatory and punitive damages for retaliating against him for telling the Warden they were not addressing maintenance problems by setting the air conditioner to make it extremely cold in his cell for approximately a month in November-December 2022 in violation of the First Amendment;

(2) GRANTS James Garcia leave to proceed against Captain Gary Lewis and Unit Team Manager Tracy Cornett in their individual capacities for compensatory and punitive damages for retaliating against him for complaining to the warden the Ombudsman Bureau by setting the heat to make it extremely hot in his cell from December 9 to 13, 2022, in violation of the First Amendment;

(3) GRANTS James Garcia leave to proceed against Nurse Eva Orris in her individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment when he reported that he was very hot, had a heart condition, was having trouble breathing, was very tired, had clammy skin, and chest pains on December 9, 10, and 11, 2022, in violation of the Eighth Amendment;

(4) GRANTS James Garcia leave to proceed against Nurse Sandra Allen in her individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment on December 12, 2022, by refusing to provide him with bags of ice every four hours in violation of the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Kathleen Dougherty, C. Carrol, Larry Crittendon, Rojo, Jones, Seblack, Sabine, Brown, Brandon Williams, Gleason, Hernandez, Gable Nolan, Borolov, Fickle, Angling, Miller, Thomas, Smith, James Early, Grochik, Arnett, Clemmons, Drain, Quinton Davis, and York;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Captain Gary Lewis and Unit Team Manager Tracy Cornett at the Indiana Department of Correction, with a copy of this order and the second amended complaint (ECF 22);

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Eva Orris and Nurse Sandra Allen at Centurion Health of Indiana, LLC, with a copy of this order and the second amended complaint (ECF 22);

(9) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), Captain Gary Lewis, Unit Team Manager Tracy Cornett, Nurse Eva Orris, and Nurse Sandra to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 28, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT